UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-3127-GW (PLAx) | Date | June 24, 2009 |
|---|---|---|---|
| Title | *Oakmont Long Beach Baxter, LLC v. Intercontinental Insurance Brokers, LLC* | | |

| Present: The Honorable | GEORGE H. WU, United States District Judge |
|---|---|

| Javier Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS):  **ORDER TO SHOW CAUSE RE DIVERSITY JURISDICTION**

On May 4, 2009, defendant Intercontinental Insurance Brokers, LLC ("Intercontinental") removed to this Court an action filed in Los Angeles County Superior Court on March 18, 2009, by plaintiff Oakmont Long Beach Baxter, LLC ("Oakmont"). Intercontinental asserts that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

For a federal court to have subject matter jurisdiction over an action due to diversity (at least in an individual action), there must be complete diversity of citizenship and the matter in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). As the party asserting federal jurisdiction, Intercontinental bears the burden of demonstrating jurisdictional facts. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In its Notice of Removal, Intercontinental alleges the appropriate jurisdictional minimum and that it is not aware of any members of Oakmont that are citizens of Massachusetts, the state where all of Intercontinental's members are "residents." *See* Notice of Removal ¶¶ 4-5, 10. Although Intercontinental appears to correctly appreciate that it is the members of both Intercontinental and Oakmont which are germane to the diversity jurisdiction question, its allegations are still insufficient to establish such jurisdiction for at least three different reasons.

The first flaw in Intercontinental's allegations is that citizenship, not residence, is the factor assessed in performing a diversity analysis. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Intercontinental's allegation that its members are <u>residents</u> of Massachusetts is therefore insufficient.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

Secondly, as Intercontinental appears to appreciate, for purposes of determining the existence of diversity jurisdiction in a case where a limited liability company is a party, the Court is to look to the citizenship of each member of the limited liability company. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In that regard, Intercontinental's general allegation that all of its members are residents of Massachusetts must be more particularized (and must refer to citizenship, not residence). It may well be that some members of Intercontinental are themselves limited liability companies or partnerships, which would require that the citizenship analysis extend yet another level. In that regard, Intercontinental must identify its members (and their citizenship) so that the Court may ensure the general citizenship allegations are properly supported. *See Shumpert v. Knupp*, No. CV-08-8048-PCT-PGR, 2008 U.S. Dist. LEXIS 38683, at *4 (D. Ariz. Apr. 29, 2008) ("What is thus required in the notice of removal are affirmative allegations specifically identifying each member of the limited liability company and specifically setting forth each member's citizenship."); *Kline v. Wild Game NG, LLC*, No. CV 08-00789, 2008 WL 1734553, at *1 (N.D. Cal. Apr. 11, 2008).

Finally, Intercontinental cannot satisfy its burden by simply stating that it "is not aware of any members of [Oakmont] that are citizens of Massachusetts. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *See Kanter*, 265 F.3d at 857.

The Court orders Intercontinental either to amend its Notice of Removal in advance of the July 6, 2009, hearing or to Show Cause at the Scheduling Conference set for that date why this action should not be remanded. It may simply be that Intercontinental at this time lacks the information necessary to properly allege diversity jurisdiction, in which case its removal was premature under the controlling law of this Circuit. *See* 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...."); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 & n.5 (9th Cir. 2005) ("[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the <u>first</u> thirty-day clock under § 1446(b) to begin.") (emphasis added); *id.* at 698 (indicating that the goal of the canon "that instructs that removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts" is to "guard[] against premature and protective removals and minimize[] the potential for a cottage industry of removal litigation" and that this also "ensure[s] respect for the jurisdiction of state courts").

The Court further orders the Court Clerk promptly to serve this order on all parties.

Deputy Clerk _____JG_____